IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF SKAGIT

| | |
|---|---|
| SALVADOR LARA, as Personal Representative of the ESTATE of SARAI LARA, on behalf of the Estate and surviving family members, SALVADOR LARA and EVANGELINA LARA-ALATORRE;<br><br>Plaintiffs,<br><br>v.<br><br>THE MACERICH COMPANY; MACERICH PROPERTY MANAGEMENT COMPANY, LLC. d/b/a CASCADE MALL, a California corporation; ALLIEDBARTON SERVICES LLC, d/b/a ALLIED UNIVERSAL, a Pennsylvania corporation; MACY'S WEST STORES, INC., a New York corporation;<br><br>Defendants | No.<br><br>**COMPLAINT FOR WRONGFUL DEATH, SURVIVAL, PERSONAL INJURIES** |

COMES NOW the Plaintiffs, SALVADOR LARA, as Personal Representative of the Estate of SARAI LARA, on behalf of the Estate and surviving parents, SALVADOR LARA and EVANGELINA LARA-ALATORRE, and parents individually, by and through Plaintiffs' attorneys, HEATHER D. WEBB, JONATHAN YOUSLING, and ALEX FRENCH of GLP

COMPLAINT FOR
WRONGFUL DEATH,
SURVIVAL,
PERSONAL INJURIES - 1

GLP ATTORNEYS, P.S., INC.
ATTORNEYS AT LAW
1854 S. BURLINGTON BLVD.
BURLINGTON, WA 98223
(360) 424-1111
FACSIMILE (360) 588-4651

ATTORNEYS, P.S., INC., hereby complain and allege against the above-named Defendants as follows:

## I. PARTIES

1.1 SALVADOR LARA is the duly appointed Personal Representative and Administrator of the ESTATE OF SARAI LARA. Personal representative of the Estate of Sarai Lara, SALVADOR LARA, is authorized to bring the survival action pursuant to RCW 4.20 et seq., and all claims under common law.

1.2 SARAI LARA died at the age of 16 on September 23, 2016, in Skagit County, Washington. At the time of the events giving rise to this action and at the time of her death, SARAI LARA was a resident of Skagit County, Washington. A copy of the Order appointing Plaintiff SALVADOR LARA as Administrator of the Estate and granting Letters of Administration is attached hereto as Exhibit A.

1.3 Plaintiffs EVANGELINA LARA-ALATORRE and SALVADOR LARA, are the surviving parents of their daughter SARAI LARA.

1.4 Defendant, THE MACERICH COMPANY AND MACERICH PROPERTY MANAGEMENT COMPANY, LLC at all times relevant and material to this Complaint:

(a) Macerich Company d/b/a Macerich Property Management Company, LLC, d/b/a Cascade Mall (herein "MACERICH" or "CASCADE MALL"), was a foreign corporation, licensed to business in Skagit County, Washington.

(b) MACERICH's registered agent for service of process is located at: CT Corporation System, 711 Capitol Way S., Suite 204, Olympia, WA 98501.

COMPLAINT FOR WRONGFUL DEATH, SURVIVAL, PERSONAL INJURIES - 2

GLP ATTORNEYS, P.S., INC.
ATTORNEYS AT LAW
1854 S. BURLINGTON BLVD.
BURLINGTON, WA 98223
(360) 424-1111
FACSIMILE (360) 588-4651

(c) MACERICH and it affiliates owned Cascade Mall in Burlington, Skagit County.

(d) The acts of MACERICH's agents and/or representatives were done by and on behalf of MACERICH for which it is liable on the basis of respondeat superior, agency, and/or apparent agency.

1.5 Defendant, ALLIEDBARTON SECURITY SERVICES at all times relevant and material to this Complaint:

(a) Was a Pennsylvania corporation, licensed to business in the State of Washington.

(b) Was doing business as Allied Universal (herein "ALLIED SECURITY").

(c) ALLIED SECURITY'S registered agent for service of process is located at: CT Corporation System, 711 Capitol Way S., Suite 204, Olympia, WA 98501.

(d) ALLIED SECURITY provided security services at CASCADE MALL.

(e) ALLIED SECURITY is and was an agent of MACERICH. At the time of the incident giving rise to this claim, ALLIED SECURITY was acting within the scope of its agency/contract with MACERICH and in furtherance of the interests and fulfillment of the duties of the agency/contract relationship.

1.6 Defendant, MACY'S WEST STORES, INC. at all times relevant and material to this Complaint:

(a) Is a New York corporation, whose primary place of business is 15 North Mill Street, New York, NY 10960.

COMPLAINT FOR WRONGFUL DEATH, SURVIVAL, PERSONAL INJURIES - 3

GLP ATTORNEYS, P.S., INC.
ATTORNEYS AT LAW
1854 S. BURLINGTON BLVD.
BURLINGTON, WA 98223
(360) 424-1111
FACSIMILE (360) 588-4651

(b)   MACY'S is licensed to do business in the State of Washington.

(c)   MACY'S registered agent for service of process is located at: Corporate Creations Network Inc., 505 W Riverside Ave Ste. 500, Spokane, WA 99201-0518.

(d)   MACY'S was a tenant of MACERICH that was leasing space at CASCADE MALL at the time of the incident.

(e)   At the time of the incident giving rise to this claim, MACY'S agents and employees were acting within the scope of their respective positions as employees, and in furtherance of the interests and fulfillment of the duties of the contracted relationship.

## II.   JURISDICTION AND VENUE

2.1   Plaintiff, SALVADOR LARA, as duly appointed Personal Representative of the Estate of SARAI LARA, is authorized to pursue this lawsuit pursuant Letters of Administration filed in Skagit County Superior under Probate Cause No. 19 4 00302 29.

2.2   All defendants in this action resided, existed, or conducted business in Skagit County, Washington.

2.3   The events that gave rise to this action took place in Burlington, Skagit County, Washington.

2.4   At all times relevant hereto, Defendants named herein are all jointly and severally liable for SARAI LARA'S injuries and death and damages proximately cause by the actions of the Defendants at the time complained of herein.

COMPLAINT FOR
WRONGFUL DEATH,
SURVIVAL,
PERSONAL INJURIES - 4

GLP ATTORNEYS, P.S., INC.
ATTORNEYS AT LAW
1854 S. BURLINGTON BLVD.
BURLINGTON, WA 98223
(360) 424-1111
FACSIMILE (360) 588-4651

2.5     Personal jurisdiction exists over Defendants because the "tortious act" and omissions giving rise to and causing SARAI LARA'S injuries and death occurred in Skagit County, Washington and because Defendants conduct business in Burlington, Skagit County, Washington. RCW 4.28.185(1)(b) and 4.28.185(1)(a).

2.6     <u>Venue</u>:  Venue is proper in Skagit County, Washington because the Defendants transacts business in Burlington, Skagit County, Washington. Venue is proper pursuant to RCW 4.12.025(1)(a).

### III.    FACTS

3.1     The shooting that injured and killed SARAI LARA occurred on September 23, 2016 at approximately 6:50 p.m. at MACERICH's CASCADE MALL.

3.2     Upon information and belief, before September 23, 2016, Defendants had information that previous disturbances, incidents, disruptions and other criminal activities had taken place at or near the CASCADE MALL.

3.3     Based on this knowledge, Defendant MACERICH, hired ALLIED SECURITY as security personnel.

3.4     Upon information and belief, security personnel were present at the CASCADE MALL property during the shooting that is the subject of this lawsuit. These security personnel were easily identifiable and placed prominently in the common areas of the mall property.

3.5     On September 23, 2016, SARAI LARA was shopping at the MACY'S department store, located in the CASCADE MALL.

COMPLAINT FOR
WRONGFUL DEATH,
SURVIVAL,
PERSONAL INJURIES - 5

GLP ATTORNEYS, P.S., INC.
ATTORNEYS AT LAW
1854 S. BURLINGTON BLVD.
BURLINGTON, WA 98223
(360) 424-1111
FACSIMILE (360) 588-4651

3.6 Upon information and belief, prior to the shooting, Arcan Cetin (hereinafter "Cetin") performed the following:

    (a) At approximately 6:13 pm, Cetin entered the AMC Theater located on the north side of the CASCADE MALL through the main entrance, where he purchased a ticket and entered theater 11.

    (b) At approximately 6:25 pm, Cetin exited theater #11, kneeled down, then exited the theater through the same north exit doors, leaving his cell phone on the floor.

    (c) At approximately 6:30 pm, Cetin re-entered the theater through the same north exit doors, approached the guest services counter and retrieved his cell phone from a theater employee.

    (d) At approximately 6:30 pm Cetin exited the theater for a third time.

    (e) Cetin then moved his vehicle, parking it closer to the MACY'S store, before entering the Chuck E Cheese at approximately 6:42 pm.

    (f) After entering Chuck E Cheese, Cetin walked through the mall corridor and entered MACY'S through the mall interior entrance.

3.7 At approximately 6:50 p.m., Cetin entered MACY'S, bearing a Ruger .22 caliber wooden rifle, a semi-automatic weapon.

3.8 Cetin then opened fire shooting an employee behind the cosmetics counter, and shoppers in the area including SARAI LARA.

COMPLAINT FOR WRONGFUL DEATH, SURVIVAL, PERSONAL INJURIES - 6

GLP ATTORNEYS, P.S., INC.
ATTORNEYS AT LAW
1854 S. BURLINGTON BLVD.
BURLINGTON, WA 98223
(360) 424-1111
FACSIMILE (360) 588-4651

3.9     Following the shooting, Cetin placed his weapon on top of the cosmetics counter, exited the MACY'S Women's store through the west entrance, got into his vehicle, and then left the store.

3.10    The MACY'S exterior west entrance doors were unlocked, and lacking any alarm system, interlocking security systems, or any other security features, preventing staff and shoppers from being alerted to the suspicious behavior of Cetin entering and exiting the MACY'S west entrance doors.

3.11    At no time did an employee or other personnel of the Defendants attempt to contact, stop, or deter Cetin from exiting MACY'S exterior doors. Upon information and belief, Defendants did not train employees to question individuals exhibiting suspicious behavior.

3.12    At all relevant times, MACERICH owned and managed the CASCADE MALL and ALLIED SECURITY provided security services for the CASCADE MALL.

3.13    At all times relevant and material to this lawsuit, Plaintiff, SARAI LARA was a business invitee of MACY'S and CASCADE MALL and frequented the premises for the purpose of shopping.

COMPLAINT FOR
WRONGFUL DEATH,
SURVIVAL,
PERSONAL INJURIES - 7

GLP ATTORNEYS, P.S., INC.
ATTORNEYS AT LAW
1854 S. BURLINGTON BLVD.
BURLINGTON, WA 98223
(360) 424-1111
FACSIMILE (360) 588-4651

### IV. PREMISES LIABILITY: MACERICH D/B/A CASCADE MALL

4.1   Plaintiffs incorporate by reference all preceding paragraphs, restating the information contained therein, and further alleges as follows:

4.2   <u>Duty</u>: Plaintiffs as business invitees of Defendant MACERICH's CASCADE MALL weres owed a duty to protection from imminent criminal harm and reasonably foreseeable criminal conduct by third persons.

4.3   <u>Breach</u>: Defendant MACERICH knew or should have known from past experience that there was a likelihood that third persons would endanger the safety of its invitees and failed to take reasonable measures to prevent harm.

4.4   That as a direct and proximate result of the breach of duty by defendants, defendants caused the death of SARAI LARA.

### V. PREMISES LIABILITY: MACY'S

5.1   Plaintiffs incorporate by reference all preceding paragraphs, restating the information contained therein, and further alleges as follows:

5.2   <u>Duty</u>: Plaintiffs as business invitees of Defendant MACY'S were owed a duty to protection from imminent criminal harm and reasonably foreseeable criminal conduct by third persons.

5.3   <u>Breach</u>: Defendants knew or should have known from past experience that there was a likelihood that third persons would endanger the safety of plaintiffs and failed to take reasonable measures to prevent harm.

COMPLAINT FOR WRONGFUL DEATH, SURVIVAL, PERSONAL INJURIES - 8

GLP ATTORNEYS, P.S., INC.
ATTORNEYS AT LAW
1854 S. BURLINGTON BLVD.
BURLINGTON, WA 98223
(360) 424-1111
FACSIMILE (360) 588-4651

5.4     That as a direct and proximate result of the breach of duty by defendants, defendants caused the death of SARAI LARA.

## VI.     NEGLIGENCE: MACERICH'S CASCADE MALL

6.1     Plaintiffs incorporate by reference all preceding paragraphs, restating the information contained therein, and further alleges as follows:

6.2     <u>Duty:</u> Defendant MACERICH voluntarily and by express promise undertook the duty to provide adequate safety and security to their tenants and invitees. Defendant MACERICH's were negligent in performing said undertaken duty. This duty includes but is not limited to the reasonable hiring of security services subcontractors for the CASCADE MALL, the implementation of complex-wide safety plans, and training all subcontractors to prevent and respond to active shooter situations.

6.3     <u>Breach:</u> Defendant MACERICH by and through its agents and subcontractors negligently hired security guards, uniformed security personnel or other security personnel, and/or failed to employ or provide a sufficient number of security guards, uniformed security personnel or other security personnel at the CASCADE MALL.

6.4     As a direct, proximate, and foreseeable cause of Defendant MACERICH's failure to provide adequate security to prevent criminal and tortious activity and prevent SARAI LARA from being attacked and injured, SARAI LARA'S death was caused as a result.

COMPLAINT FOR
WRONGFUL DEATH,
SURVIVAL,
PERSONAL INJURIES - 9

GLP ATTORNEYS, P.S., INC.
ATTORNEYS AT LAW
1854 S. BURLINGTON BLVD.
BURLINGTON, WA 98223
(360) 424-1111
FACSIMILE (360) 588-4651

## VII. NEGLIGENCE: ALLIED SECURITY

7.1 Plaintiffs incorporate by reference all preceding paragraphs, restating the information contained therein, and further alleges as follows:

7.2 Duty: Defendant ALLIED SECURITY, through contract and common law, owed a duty of reasonable care in the implementation of their contracted security services at the CASCADE MALL. This duty included but was not limited to the following:

(a) To provide adequate training to all employees hired by ALLIED SECURITY to ensure a safe space for tenants, tenants' employees, and mall customers;

(b) To supervise security personnel on site at CASCADE MALL in its employment activities;

(c) To ensure employees hired by ALLIED SECURITY were qualified to act as agents of ALLIED SECURITY in the carrying out of safety policies and procedures at the CASCADE MALL;

(d) To develop a safety plan in the event of an active shooter situation;

(e) To develop a safety plan to prevent an active shooter situation;

(f) To communicate safety plans and policies to tenants at the CASCADE MALL;

(g) To ensure and require tenants at the CASCADE MALL to understand and comply with safety plans and procedures; and

(h) To install the proper quality and quantity of devices such as security cameras to monitor individuals on the mall premises;

COMPLAINT FOR WRONGFUL DEATH, SURVIVAL, PERSONAL INJURIES - 10

GLP ATTORNEYS, P.S., INC.
ATTORNEYS AT LAW
1854 S. BURLINGTON BLVD.
BURLINGTON, WA 98223
(360) 424-1111
FACSIMILE (360) 588-4651

(i) To employ the appropriate number of security personnel to monitor and review security camera footage, and be physically present throughout the mall to prevent criminal and tortious acts of third parties;

7.3 <u>Breach:</u> Defendants negligently hired security guards, uniformed security personnel or other security personnel, and/or failed to employ or provide a sufficient number of security guards, uniformed security personnel or other security personnel at the CASCADE MALL.

7.4 As a direct, proximate, and foreseeable cause of Defendants' failure to provide adequate security to prevent criminal and tortious activity and prevent plaintiff from being attacked and injured, Plaintiff's death was caused as a result.

## VIII. <u>NEGLIGENCE: MACY'S</u>

8.1 Plaintiffs incorporate by reference all preceding paragraphs, restating the information contained therein, and further alleges as follows:

8.2 <u>Duty:</u> Defendant MACY'S voluntarily and by express promise undertook the duty to provide adequate safety and security to their invitees. This duty included but was not limited to adequately training MACY'S employees to prevent and respond to criminal or tortious acts of third parties who enter the premises, to adequately supervise third parties on their premises, and to create and implement an active shooter prevention plan. As a result, MACY'S is liable for the negligence of its agents on the basis of respondeat superior, agency, and/or apparent agency.

8.3 <u>Breach:</u> Defendant MACY'S was negligent in performing said undertaken duty.

COMPLAINT FOR
WRONGFUL DEATH,
SURVIVAL,
PERSONAL INJURIES - 11

GLP ATTORNEYS, P.S., INC.
ATTORNEYS AT LAW
1854 S. BURLINGTON BLVD.
BURLINGTON, WA 98223
(360) 424-1111
FACSIMILE (360) 588-4651

8.4     That as a direct and proximate result of negligence by defendants, defendants caused the wrongful death of SARAI LARA.

### IX.     NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

9.1     The bystander doctrine allows family members traumatized by witnessing the scene of injuries caused by negligent conduct directed at a loved one to recover for their emotional distress. *Hegel v. McMahon*, 136 Wn.2d 122, 128, 960 P.2d 424 (1998). Unlike the distinct cause of action of outrage, the bystander theory of recovery is a collateral claim for damages suffered indirectly as the result of the defendant's breach of a duty owed to the decedent. *Estate of Lee v. City of Spokane*, 101 Wn. App. 158, 175, 2 P.3d 979 (2000). The traditional concepts of duty, breach, causation and damages govern the right to recover when emotional distress is the only damage claimed. *Kumar v. Gate Gourmet, Inc.*, 180 Wn.2d 481, 505, 325 P.3d 193 (2014). It is not necessary that there be any physical impact or the threat of an immediate physical invasion of the plaintiff's personal security *Hunsley v. Giard*, 87 Wn.2d 424, 434–35, 553 P.2d 1096 (1976).

9.2     <u>Duty:</u> Defendants MACERICH, ALLIED SECURITY, and MACY'S, owed a duty of care to SARAI LARA at the time of the subject shooting. As such Defendants MACERICH, ALLIED SECURITY, and MACY'S are liable for emotional distress caused by a breach of that duty.

9.3     <u>Breach:</u> Defendants MACERICH MALL, ALLIED SECURITY, and MACY'S breached their duty to

COMPLAINT FOR
WRONGFUL DEATH,
SURVIVAL,
PERSONAL INJURIES - 12

GLP ATTORNEYS, P.S., INC.
ATTORNEYS AT LAW
1854 S. BURLINGTON BLVD.
BURLINGTON, WA 98223
(360) 424-1111
FACSIMILE (360) 588-4651

9.4    As a direct and proximate result of Defendants breach of duties, Plaintiff EVANGELINA LAURA-ALATORRE suffered severe mental and emotional suffering as a result of the death of her daughter SARAI LARA.

## X.    DAMAGES

10.1    Plaintiffs incorporate by reference all preceding paragraphs, restating the information contained therein, and further alleges as follows:

10.2    The defendant's negligent, grossly negligent and/or reckless acts and/or omissions were a proximate cause of the wrongful death of SARAI LARA.

10.3    As a proximate cause of the defendant's negligence, gross negligence and/or recklessness, the plaintiffs and statutory beneficiaries have sustained economic and non-economic damages, including those allowed by RCW 4.20 et seq., RCW 4.24 et seq. and which include without limitation, past and future medical expense, past and future lost income or earning capacity, loss of consortium, emotional distress, grief, loss of enjoyment of life, inconvenience, mental anguish, the destruction of the spousal and child-parent relationships, and pain and suffering and in amounts to be proven at trial.

10.4    As a proximate cause of the defendant's wrongful acts and/or omissions, the Estate of SARAI LARA has sustained damages including, without limitation, the loss of the accumulation of income and incurred medical, funeral, and burial expenses, and the conscious pain, suffering, anxiety and fear of impending death experienced by the decedent, in such amounts as will be proven at the time of trial together with interest thereon at the statutory rate from the date of death or the date the expenses were incurred.

COMPLAINT FOR
WRONGFUL DEATH,
SURVIVAL,
PERSONAL INJURIES - 13

GLP ATTORNEYS, P.S., INC.
ATTORNEYS AT LAW
1854 S. BURLINGTON BLVD.
BURLINGTON, WA 98223
(360) 424-1111
FACSIMILE (360) 588-4651

## XI. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendants, jointly and severally and pray for relief as follows:

11.1  For all damages sustained by the Plaintiffs, including the Estate of SARAI LARA and all statutorily recognized beneficiaries, in amounts proven at trial, including without limitation, all past and future economic and non-economic damages allowed by RCW 4.20 et seq., RCW 4.24 et seq., and the common law, including the loss of the accumulation of income, incurred medical, funeral, and burial expenses, loss of parental consortium, destruction of the parent-child relationship, and the conscious pain, suffering, anxiety and fear of impending death experienced by the decedent;

11.2  Interest calculated at the maximum amount allowable by law, including pre- and post-judgment interest;

11.3.  A reasonable attorney's fee as allowed by law;

11.4  Costs and disbursements pursuant to statute; and

11.5  For such other and further relief as the court deems just, equitable and proper for Plaintiffs at the time of trial.

DATED THIS 17th day of September, 2019.

GLP ATTORNEYS, P.S., INC.

*/s/ Heather D. Webb*
Heather D. Webb, WSBA #39257
Johnathan Yousling, WSBA #40168
Alex French, WSBA #44638
Attorney for Plaintiffs

COMPLAINT FOR WRONGFUL DEATH, SURVIVAL, PERSONAL INJURIES - 14

GLP ATTORNEYS, P.S., INC.
ATTORNEYS AT LAW
1854 S. BURLINGTON BLVD.
BURLINGTON, WA 98223
(360) 424-1111
FACSIMILE (360) 588-4651