IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SALVADOR LARA, as Personal Representative of the ESTATE of SARAI LARA, on behalf of the Estate and surviving family members, SALVADOR LARA and EVANGELINA LARA-ALATORRE; , <br><br>Plaintiffs, <br><br>vs. <br><br>THE MACERICH COMPANY; MACERICH PROPERTY MANAGEMENT COMPANY, LLC. d/b/a CASCADE MALL, a California corporation; ALLIEDBARTON SERVICES LLC, d/b/a ALLIED UNIVERSAL, a Pennsylvania corporation; MACY'S WEST STORES, INC., a New York corporation; , <br><br>Defendants. | No. 2:19-cv-01673-JRC <br><br>ANSWER OF DEFENDANT ALLIEDBARTON SERVICES, LLC d/b/a ALLIED UNIVERSAL |

COMES NOW Defendant ALLIEDBARTON SERVICES LLC, d//b/a ALLIED UNIVERSAL, a Pennsylvania corporation ("Allied") by and through its attorneys of record, Gregory S. Worden and Jonathan R. Missen of Lewis Brisbois Bisgaard & Smith, LLP, and in Answer to Plaintiffs' Complaint for Damages, alleges and states as follows:

## I. PARTIES

1.1   In answer to Paragraph 1.1 of Plaintiffs' Complaint, Defendant Allied admits.

1.2   In answer to Paragraph 1.2 of Plaintiffs' Complaint, Defendant Allied admits.

ANSWER OF DEFENDANT ALLIEDBARTON SERVICES
d/b/a ALLIED UNIVERSAL - 1

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020

4836-3279-5050.1

1.3    In answer to Paragraph 1.3 of Plaintiffs' Complaint, Defendant Allied admits.

1.4    In answer to Paragraph 1.4 of Plaintiffs' Complaint, upon information and belief, Defendant Allied admits.

1.5    In answer to Paragraph 1.5 of Plaintiffs' Complaint, Defendant Allied admits.

1.6    In answer to Paragraph 1.6 of Plaintiffs' Complaint, upon information and belief, Defendant Allied admits.

## II.    JURISDICTION AND VENUE

2.1    In answer to Paragraph 2.1 of Plaintiffs' Complaint, Defendant Allied states that this paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Defendant Allied admits.

2.2    In answer to Paragraph 2.2 of Plaintiffs' Complaint, upon information and belief, Defendant Allied admits.

2.3    In answer to Paragraph 2.3 of Plaintiffs' Complaint, Defendant Allied admits.

2.4    In answer to Paragraph 2.4 of Plaintiffs' Complaint, Defendant Allied states that this paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Defendant Allied denies.

2.5    In answer to Paragraph 2.5 of Plaintiffs' Complaint, Defendant Allied states that this paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Defendant Allied admits.

2.6    In answer to Paragraph 2.6 of Plaintiffs' Complaint, Defendant Allied states that this paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Defendant Allied admits.

## III.    FACTS

ANSWER OF DEFENDANT ALLIEDBARTON SERVICES
d/b/a ALLIED UNIVERSAL - 2

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020

4836-3279-5050.1

3.1   In answer to Paragraph 3.1 of Plaintiffs' Complaint, Defendant Allied denies. The shooting occurred at Macy's which is a separate property.

3.2   In answer to Paragraph 3.2 of Plaintiffs' Complaint, Defendant Allied denies.

3.3   In answer to Paragraph 3.3 of Plaintiffs' Complaint, Defendant Allied denies.

3.4   In answer to Paragraph 3.4 of Plaintiffs' Complaint, Defendant Allied admits it had security personnel present at Cascade Mall. Plaintiff's Complaint is vague and ambiguous as to "easily identifiable" and "placed prominently." Except as expressly admitted herein, these allegations are denied.

3.5   In answer to Paragraph 3.5 of Plaintiffs' Complaint, Defendant Allied admits.

3.6   In answer to Paragraph 3.6 of Plaintiffs' Complaint, upon information and belief, Defendant Allied admits.

3.7   In answer to Paragraph 3.7 of Plaintiffs' Complaint, upon information and belief, Defendant Allied admits.

3.8   In answer to Paragraph 3.8 of Plaintiffs' Complaint, upon information and belief, Defendant Allied admits.

3.9   In answer to Paragraph 3.9 of Plaintiffs' Complaint, upon information and belief, Defendant Allied admits.

3.10   In answer to Paragraph 3.10 of Plaintiffs' Complaint, Defendant Allied admits that the west entrance doors to Macy's were unlocked. Except as expressly admitted herein, these allegations are denied.

3.11   In answer to Paragraph 3.11 of Plaintiffs' Complaint, Defendant Allied admits that its employees did not contact, stop, or deter Cetin from exiting Macy's exterior doors. Except as expressly admitted herein, these allegations are denied.

ANSWER OF DEFENDANT ALLIEDBARTON SERVICES
d/b/a ALLIED UNIVERSAL - 3

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020

4836-3279-5050.1

3.12   In answer to Paragraph 3.12 of Plaintiffs' Complaint, Defendant Allied admits that it provided security services for Cascade Mall on the day of the shooting. Except as expressly admitted herein, these allegations are denied.

3.13   In answer to Paragraph 3.13 of Plaintiffs' Complaint, Defendant Allied states that this paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant Allied admits.

### IV.   PREMISES LIABILITY: MACERICH D/B/A CASCADE MALL

4.1   Defendant Allied incorporates by reference its answers to all preceding paragraphs, restating the information contained therein, and further answers as follows:

4.2 – 4.4   In answer to Paragraphs 4.2 – 4.4, Defendant Allied states that these paragraphs of Plaintiff's Complaint are not directed towards this answering Defendant and, therefore, no response is required. To the extent a response is required, Defendant Allied denies.

### V.   PREMISES LIABILITY: MACY'S

5.1   Defendant Allied incorporates by reference its answers to all preceding paragraphs, restating the information contained therein, and further answers as follows:

5.2 – 5.4   In answer to Paragraphs 5.2 – 5.4, Defendant Allied states that these paragraphs of Plaintiff's Complaint are not directed towards this answering Defendant and, therefore, no response is required.

### VI.   NEGLIGENCE: MACERICH'S CASCADE MALL

6.1   Defendant Allied incorporates by reference its answers to all preceding paragraphs, restating the information contained therein, and further answers as follows:

6.2 – 6.4   In answer to Paragraphs 6.2 – 6.4, Defendant Allied states that these paragraphs of Plaintiff's Complaint are not directed towards this answering Defendant and, therefore, no response is required. To the extent a response is required, Defendant Allied denies.

ANSWER OF DEFENDANT ALLIEDBARTON SERVICES
d/b/a ALLIED UNIVERSAL - 4

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020

4836-3279-5050.1

## VII. NEGLIGENCE: ALLIED SECURITY

7.1     Defendant Allied incorporates by reference its answers to all preceding paragraphs, restating the information contained therein, and further answers as follows:

7.2     In answer to Paragraph 7.2 of Plaintiffs' Complaint, including subparagraphs (a) – (i), Defendant Allied states that this paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant Allied denies.

7.3     In answer to Paragraph 7.3 of Plaintiffs' Complaint, Defendant Allied denies.

7.4     In answer to Paragraph 7.4 of Plaintiffs' Complaint, Defendant Allied denies.

## VIII. NEGLIGENCE: MACY'S

8.1     Defendant Allied incorporates by reference its answers to all preceding paragraphs, restating the information contained therein, and further answers as follows:

8.2 – 8.4     In answer to Paragraphs 8.2 – 8.4, Defendant Allied states that these paragraphs of Plaintiff's Complaint are not directed towards this answering Defendant and, therefore, no response is required.

## IX. NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

9.1     In answer to Paragraph 9.1 of Plaintiff's Complaint, Defendant Allied states that this paragraph contains legal conclusions to which no response is required. It also does not contain allegations directed towards this answering Defendant. To the extent a response is required, Defendant admits.

9.2     In answer to Paragraph 9.2 of Plaintiff's Complaint, Defendant Allied states that this paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies.

9.3     In answer to Paragraph 9.3 of Plaintiff's Complaint, Defendant Allied denies.

9.4     In answer to Paragraph 9.4 of Plaintiff's Complaint, Defendant Allied denies.

ANSWER OF DEFENDANT ALLIEDBARTON SERVICES
d/b/a ALLIED UNIVERSAL - 5

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020

4836-3279-5050.1

## X.  DAMAGES

10.1   Defendant Allied incorporates by reference its answers to all preceding paragraphs, restating the information contained therein, and further answers as follows:

10.2   In answer to Paragraph 10.2 of Plaintiff's Complaint, Defendant Allied denies.

10.3   In answer to Paragraph 10.3 of Plaintiff's Complaint, Defendant Allied denies that it caused Plaintiffs any damages and denies the nature and extent of Plaintiffs' claimed damages.

10.4   In answer to Paragraph 10.4 of Plaintiff's Complaint, Defendant Allied denies that it caused Plaintiffs any damages and denies the nature and extent of Plaintiffs' claimed damages.

## XI.  PRAYER FOR RELIEF

Defendant Allied denies Plaintiffs' Prayer for Relief, as set forth in paragraphs 11.1 to 11.5, in its entirety.

## OMNIBUS DENIAL

Unless expressly admitted herein, Defendant Allied denies the remainder of Plaintiffs' Complaint.

## AFFIRMATIVE DEFENSES

In further Answer to Plaintiffs' Complaint, Defendant Allied asserts the following affirmative defenses:

1. Failure to state a claim upon which relief can be granted as to Negligent Infliction of Emotional Distress against Defendants.
2. Plaintiffs' damages, if any, were due to and caused by the intervening and superseding acts of others over whom Defendant had no control and can have no legal liability, including but not limited to Cetin's criminal conduct.
3. Pursuant to CR 12(i), there may be persons or entities not parties herein, who may have caused any or all of Plaintiff's alleged damages.  Defendant Allied requests apportionment of fault between all parties and non-parties pursuant to RCW 4.22.070.

ANSWER OF DEFENDANT ALLIEDBARTON SERVICES
d/b/a ALLIED UNIVERSAL - 6

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020

4836-3279-5050.1

4. Defendant Allied is entitled to a setoff, offset, and/or credit for any and all payments previously made to Plaintiffs by or on behalf of Defendant.

5. Defendant reserves the right to amend this Answer to allege additional affirmative defenses.

6. Defendant specifically does not waive any defenses provided by statute or the Civil Rules.

## DEFENDANT'S PRAYER FOR RELIEF

WHEREFORE having fully answered Plaintiffs' Complaint, Defendant Allied requests relief as follows:

1. Dismissal of Plaintiffs' Complaint with prejudice;
2. An award of reasonable attorney fees and costs to the extent allowed by law;
3. For such further and other relief as this Court deems just and equitable.

ANSWER OF DEFENDANT ALLIEDBARTON SERVICES
d/b/a ALLIED UNIVERSAL - 7

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020

4836-3279-5050.1

1 | DATED this 24 day of OCTOBER, 2019    LEWIS BRISBOIS BISGAARD & SMITH LLP

By: /s/ Gregory S. Worden
Gregory S. Worden, WA Bar No. 24262
Jonathan R. Missen, WA Bar No. 42689
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
*Attorneys for Defendant ALLIEDBARTON SERVICES LLC, d/b/a ALLIED UNIVERSAL*

ANSWER OF DEFENDANT ALLIEDBARTON SERVICES
d/b/a ALLIED UNIVERSAL - 8

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020

4836-3279-5050.1

## DECLARATION OF SERVICE

I hereby certify that on the 24th day of OCTOBER 2019, I electronically filed the foregoing with the Clerk of the Court using CM/ECF system, which will send notification of such filing to all attorneys of record:

John Woodruff Rankin, Jr    jrankin@rmlaw.com

Kimberly Reppart    kreppart@foum.law
lyndaha@foum.law
smenning@foum.law

Heather D. Webb    hwebb@glpattorneys.com
akornish@glpattorneys.com

Suzanna Shaub    sshaub@rmlaw.com
jbarrett@rmlaw.com
mbrixius@rmlaw.com

Alex French    afrench@glpattorneys.com
jamesalexfrench@gmail.com

Jonathan C Yousling    jyousling@glpattorneys.com
jcyousling@gmail.com

SIGNED this 24th day of OCTOBER, 2019 at Seattle, Washington.

*/s/ Michelle L. Burnell*
Michelle L. Burnell,
Legal Secretary

---

ANSWER OF DEFENDANT ALLIEDBARTON SERVICES
d/b/a ALLIED UNIVERSAL - 9

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020

4836-3279-5050.1